## FEIN *v.* THE TERRITORY OF WYOMING.

INDICTMENT—TERMS USED.—Under an indictment for willfully, maliciously, etc., killing a horse: *Held,* that testimony tending to prove the killing of a gelding was properly admitted.

CHARGE OF THE COURT.—Malice may be presumed against the defendant on trial in a criminal action to such an extent that it will, under certain circumstances, shift the burden of proof from the prosecution to the defense upon that particular question.

ERROR to the Second District Court for Albany County.

A full statement of the case is contained in the opinion of the court.

*Brown and Brockway,* for the plaintiff in error, cited: Revised Stat. 278; Bishop Stat. Crim. 248; 33 Texas R. 342; 1 Greenl. on Ev. 461; *Squires* v. *The Village of Neenah,* 24 Wis. 493; 1 Bish. Crim. Pro., secs. 1056, 1058; *State* v. *Enslow,* 10 Iowa, 115; 7 U. S. Dig. 400.

*C. W. Bramel,* for defendant in error, cited: Revised Stat. 278; *People* v. *Moody,* 5 Park, C. R. 568; 20 U. S. Dig. 385; 23 Id. 39; 1 Bish. Crim. Pro. 690–4; 1 Bish. Crim. Law, 437; 1 Archibald's Crim Pr. 850; 1 Bouvier, 590.

By the Court, FISHER, C. J.: This was an action brought to this court by writ of error from Albany county, second judicial district. The facts are, that at the August term of the district court in and for Albany county, John J. Fein was indicted for "unlawfully, wantonly and maliciously" killing one horse, the property of one Patrick Doran.

The case was tried and the defendant found guilty as charged. A motion was filed for a new trial, which, after argument, was overruled, and the case brought here for review. The plaintiff in error assigns the following errors to the rulings of the court below:

1. That the court below erred in refusing to quash the said indictment, and in overruling the motion to quash said indictment made by defendant.

2. That the said court erred, on the trial of the cause, in admitting the evidence of Patrick Doran and N. K. Boswell and other witnesses for the prosecution, to which the said John J. Fein (now plaintiff in error) objected.

3. That said court erred, in the trial of said cause, in refusing, on motion of defendant, (now plaintiff in error,) to strike out all evidence before this time gone to the jury in this cause tending to show the animal killed to be a "horse," it having now been shown by the evidence of prosecuting witness, P. Doran, that the said animal referred to in the indictment as having been killed by defendant to have been, at the time of killing, a "gelding."

4. That the court erred, in the trial of this cause, in admitting the evidence of P. Doran, N. K. Boswell, Mrs. Kean, and others, witnesses for prosecution, over objections of defendant, as to the killing and condition of a gelding, when the indictment charges, if anything, the killing of a "horse."

5. That the court erred, in the trial of this cause, in refusing to charge the jury, at the close of the evidence for the prosecution, as requested by defendant, to return a verdict, then and there, of "not guilty," on the ground that there was no evidence before the jury tending to criminate the defendant or to sustain the indictment.

6. The court erred, in the trial of this cause, in refusing to admit the testimony and evidence of Barbara Fein, a witness regularly sworn for the defense, and in refusing to permit the said Barbara Fein to testify in said cause, after she had been sworn regularly as a witness for defense and regularly called to the stand as such witness to testify on behalf of defendant.

7. That the court erred, in the trial of this cause, in charging the jury: "the jury may infer malice, unless the defendant proves the contrary to their satisfaction."

8. That the court erred, in the trial of this cause, in charging the jury: "should you find that the defendant intentionally shot and killed the horse in question, knowing

it to be Doran's horse, it shifts the burden of proof to the side of defendant."

9. That the court erred, in the trial of this cause, in failing and refusing to charge the jury the law applicable to the case, as it is the duty of the court to do, under the laws of this territory.

10. That the court erred, in the trial of this cause, in this, to wit, that the said judgment was given for the territory of Wyoming, and against this defendant, John J. Fein, (now plaintiff in error,) when it ought to have been given in favor of said defendant, according to the law of the land.

11. That the court erred in the trial of this cause in refusing defendant's motion for a new trial, and in overruling defendant's motion for a new trial.

12. That the court erred in the trial of this cause, in this, to wit, that the said judgment was given for the territory of Wyoming and against the defendant, John J. Fein, now plaintiff in error, when it ought to have been given in favor of said defendant, according to the law of the land.

The first error complained of is the failure of the court to quash the indictment for several reasons set forth in the record, that it is ambiguous and that it is not indorsed by the prosecuting witness, that it does not properly describe the wounds, nor the manner in which they were inflicted, etc. With regard to the ambiguity of the indictment, we fail to discover wherein it consists; the want of indorsement by the prosecuting witness is of such a novel character that it is enough to say that we know of no law, either common, statutory, natural or divine, that requires any such thing to be done by such prosecutor. It is true that the criminal procedure law of this territory provides that the name of the prosecuting witness should be indorsed on the back of every indictment for a misdemeanor, but as no such error as to the want of such an indorsement is complained of, we content ourselves by simply remarking the matter complained of does not constitute error. The other matters complained of under the first alleged error are deserving of

but little attention, inasmuch as the indictment clearly charges that the defendant, on the day named, at the. county, etc., did unlawfully, wantonly and maliciously kill and destroy a certain horse, of the value, etc., the property of Patrick Doran, by shooting said horse in the side, and by reason whereof the said horse died. Now it is true that the indictment does not say whether the said defendant used a cannon, rifle, shot-gun or pistol, but it does say that he shot the said horse so that he died from the said wound, and we think there is no such ambiguity in the charge as the defendant can complain of, especially under. the provisions of our statute found in the compiled laws of Wyoming, sec. 84, p. 149, where, after enumerating many things which may be omitted or added to an indictment, making the omissions or additions much fuller or broader than is complained of here, concludes with these significant words: "Nor for want of the averment of any matter not necessary to be proved; nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits." This and the previous parts of the section completely cover the defects complained of, even if any such defects existed, which we clearly think do not.

The second error complained of is so indefinite that we do not see how to pass upon it. It merely states that the court below erred in admitting the testimony of the witnesses, without stating any reason, so that we are left to presume that the only reason why the testimony is complained of is that stated in the first objection; if so, then it is answered above.

The third objection relied upon by the plaintiff in error, as the sheet-anchor of their case, viz., that the animal killed, being described in the indictment as a "horse," is shown by the evidence to have been a "gelding." The counsel for the plaintiff in error cite in favor of such a distinction a case decided in Texas, and found in 31 Texas, pp. 571, 572. This case fully supports the theory that where

under a statute similar to ours, the defendant was indicted
for the larceny of a "horse," and the proof showing that the
animal stolen was a "gelding," it was held that the evi-
dence did not sustain the indictment, but this is the only
case we have been able to find supporting this view. It is
true that at an early day this doctrine was held in England;
but as early as 1838 the majority of the judges held that an
indictment charging one with the larceny of a sheep, under
a similar statute, without stating the sex, and the proof
showing it to have been a "ewe," the defendant was rightly
convicted, and this doctrine has been fully sustained ever
since, because sheep, being a generic term, covers all the
different species of the sheep family; so "horse," being a
generic term, embraces the whole horse family: See Bish-
op's Statutory Crimes, secs. 247, 248 *et seq.* This, taken in
connection with sec. 84 of the Criminal Code of this terri-
tory, satisfies us that there is no such error shown as would
justify us in setting aside the verdict for the reasons stated.

The fourth error complained of has been disposed of in
considering the second and third.

The fifth error complained of is, that the court erred in
not instructing the jury that there was no evidence to con-
vict the defendant, and that the jury should return a ver-
dict of not guilty. Surely this objection cannot seriously
be contended for. And the court, we think, only discharged
its duty when it submitted the case to the jury to pass upon
the facts as proven, and return such a verdict as they were
justified in doing from the facts proven.

The sixth error complained of is, that the court refused
to permit Barbara Fein, wife of the defendant, to give her
evidence for the defense, after she had been sworn to testify.
Neither at common law, nor under the statutes of this terri-
tory, can a wife or husband be a witness for or against
each other, except in certain specified cases, and there is
no one of such cases covered by the matters in issue in this
case, but the complaint here is that the wife having been
sworn without any objection having been interposed, that

then she had a right to testify. We do not think that the mere fact that Mrs. Fein was sworn (it may be without the knowledge of the court) gave her any more right to testify than she would have had if the objection had been made when the oath was about to be administered to her; it is not the swearing of a witness that gives her or him a right to testify, but the relation which the witness holds to the parties to the action. And while it is all right to make the objection when the witness is called to be sworn, yet no right to object is forfeited by withholding the objection until the witness is put upon the stand; hence, in this objection we can discover no error.

The seventh objection is to the charge of the court. "That the jury may infer malice, unless the defendant proves the contrary to their satisfaction." This, it must be admitted, is stating the case quite strongly, but it is nevertheless in accordance with the weight of authorities. Mr. Russell, in his elaborate work on crimes, vol. 1, page 483, lays down the law to be that, whenever the crime is clearly proven, sufficiently to imply malice, unless there be something to rebut such an inference, immediately connected with the commission of the crime, that the burden shifts to the defendant to rebut such an implication. It is true that a contrary doctrine has been held in some cases, but we find that to be the views of the courts of Massachusetts and most of the other states, and it has been the rule in this territory ever since its formation.

There is nothing in the other exceptions which has not been passed upon in the examination of the foregoing, and it is therefore unnecessary to refer more fully to them. We come to the conclusion that if there was any error, such as would entitle the defendant to any action by this court, it is to be found in the fact that the jury found their verdict upon what might be regarded as not very conclusive evidence, but they being the exclusive judges of the evidence, we are not disposed to trench upon their prerogative, and hence the judgment of the court below is affirmed.